**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1841
_____

PAUL J. MCARDLE,
Appellant

v.

JOSEPH W. HUFNAGEL; MARGARET A. HUFNAGEL; THERESA J. HUFNAGEL;
J. JEROME MANSMANN; PATRICK W. MANSMANN; KATHLEEN MANSMANN
RYGALSKI; JAMES P. MANSMANN; JOANNE T. MANSMANN; PETER J.
MANSMANN; SANDRA L. MANSMANN; PETER L. MANSMANN; SARAH E.
MANSMANN; KRISTINE I. MANSMANN SULLIVAN; THOMAS M. SULLIVAN;
MICHELE M. MANSMANN; RONALD A. WEISENSTEIN; THERESA A.
MANSMANN CAMPA; CLAYTON T. CAMPA; ELIZABETH MANSMANN
CHAMPAGNE; KEITH J. CHAMPAGNE; DENISE MANSMANN BIRD; DANIEL L.
BIRD; DANIEL F. CUSICK; MARY SHEILA CUSICK; COLLEEN CUSICK; ANNE
M. MCARDLE; GEORGE R. FOX, III; CARRIE FOX; KELLY FOX; ERIN L.
MARSH; DENNIS J. WELSCH; MARY P. WELSCH; WILLIAM P. MORGAN;
KATHLEEN S. MORGAN; JOHN DOE; JANE ROE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00326)
District Judge: Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2014

Before: AMBRO, CHAGARES, and VANASKIE, <u>Circuit Judges</u>

(Opinion filed:  October 16, 2014)

_____

OPINION

_____

AMBRO, Circuit Judge

Paul J. McArdle appeals the District Court's March 14, 2013, Order dismissing (i) with prejudice his claim that defendants-appellees ("Appellees") conspired to deprive him of his civil rights and (ii) without prejudice his pendent state-law claims. For the following reasons, we affirm.

## I. BACKGROUND

McArdle filed a Complaint in the United States District Court for the Western District of Pennsylvania against 36 defendants. He claimed that Appellees conspired to hinder his ability "to earn a livelihood though the practice of law; to interfere with a normal life; and to cause him other severe damages," purportedly in violation of 42 U.S.C. § 1985(3). Compl. at ¶ 56. McArdle also brought counts of trespass, conversion, trespass to chattel, and defamation under Pennsylvania law.

Appellees filed six Motions to Dismiss for failure to state a claim and lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(6), 12(b)(1). The Magistrate Judge filed a Report and Recommendation ("R&R") that the Motions be granted. She held that McArdle's federal claim was without merit, and that the District Court lacked diversity jurisdiction and should decline to exercise supplemental jurisdiction over the state-law claims. After *de novo* review, the District Court approved and adopted the R&R.

On appeal McArdle raises five issues: (1) his Complaint meets the pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); (2) the Magistrate Judge lacked the authority to render her R&R; (3) the District Court erred in requiring that McArdle be a member of a protected class to invoke 42 U.S.C. § 1985(3); (4) he is a member of a protected class in any event; and (5) the District Court had diversity jurisdiction under 28 U.S.C. § 1332 or should have exercised supplemental jurisdiction under 28 U.S.C. § 1367.

## II. DISCUSSION

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

In reviewing a district court's dismissal under Rule 12(b)(6), we apply the same standard that the District Court is required to apply. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "We therefore accept all factual allegations in the complaint as true and give the pleader the benefit of all reasonable inferences that can be fairly drawn therefrom." *Id.* (citing *Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273 (3d Cir. 1985)). However, we are not required to "'accept as true unsupported conclusions and unwarranted inferences.'" *Maio v. Aetna Inc.*, 221 F.3d 472, 499 (3d Cir. 2000) (quoting *City of Pittsburg v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

### a. McArdle's Complaint Does Not State A Plausible Claim For Relief.

McArdle asserts that his Complaint states a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. As his Complaint is 24 pages and 114 paragraphs long, he argues there is no room for "doubt as to who is being sued,

3

what they did, when they did it, what damage they caused, and what relief is requested." Appellant's Br. at 60–61.

We review the substance and not the length of a complaint. It may be as short as one page, provided it contains facts that, when presumed to be true, lead a court reasonably to infer that the required elements of a claim can be satisfied. In order to plead a conspiracy under § 1985(3), a complaint must contain facts that plausibly allege: (1) a conspiracy; (2) for the purpose of depriving a person or class of persons equal protection under the law or equal privileges and immunities under the law; (3) an act in furtherance of the conspiracy; and (4) injury to a plaintiff's property or his person, or deprivation of a right or privilege of a U.S. citizen. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971).

Appellees are all private individuals, not state actors. The Supreme Court has recognized only two rights as protected by § 1985(3) against private conspirators: the right to be free from involuntary servitude and the right to interstate travel. *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 805 (3d Cir. 2001). McArdle does not allege Appellees conspired to deprive him of either. Instead, his Complaint alleges that Appellees conspired to injure his ability to earn a living practicing law, to prevent him from having a normal life, and to cause him other damages. We know no authority to extend § 1985(3) to protect earning a living through the practice of law or to having "a normal life." Thus, the District Court correctly dismissed McArdle's § 1985 claim.

4

### b. The Magistrate Judge Exercised Proper Authority In Issuing Her Report and Recommendation.

McArdle states magistrate judges are not authorized "to hear and determine . . . a motion . . . to dismiss for failure to state a claim," as this is a matter reserved solely for Article III judges. *See* 28 U.S.C. § 636(b)(1)(A). He also contends that the District Court failed to show the case was properly referred to the Magistrate Judge per 28 U.S.C. § 636(b)(1)(B), and, in any event, she failed to conduct a hearing before submitting her R&R.

These arguments fail. Magistrate judges may issue reports and recommendations on motions to dismiss under § 636(b)(1)(B). They are simply that—a report of the facts and law coupled with a recommendation of what a district court should decide. That is what was done here. We also find no indication that the District Court failed properly to refer this matter to the Magistrate Judge. That she did not hold a hearing is not important in McArdle's case, as it is not required.

### c. To Be Afforded A Remedy Under 42 U.S.C. § 1985(3), McArdle Must Be A Member Of A Protected Class.

McArdle contends next that 42 U.S.C. § 1985(3) does not require membership in a protected class. However, the Supreme Court has held "that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus" for relief under 42 U.S.C. § 1985(3). *Griffin*, 403 U.S. at 102. McArdle's failure to allege his membership in a protected class provided another proper basis for the District Court to dismiss the § 1985 claim.

**d. McArdle Failed To Plead That Being A Licensed Attorney With A Traditionally Irish Name Was The Reason Behind The Alleged Conspiracy.**

McArdle claims that, if § 1985(3) requires membership in a protected class, he satisfies that criterion as a licensed attorney with a traditionally Irish name. He asserts that "[t]here are still people in American society who will discriminate against those having Irish names" and this animus was the driving force behind Appellees' conspiracy. Appellant's Br. at 56.

Members of a protected class under § 1985(3) have at least one of certain "immutable characteristics." *Lake v. Arnold*, 112 F.3d 682, 687 (3d Cir. 1997). These include race, gender, national origin, and mental handicap. *Id.* While McArdle's Brief mentions race and national origin, his statements concerning a conspiracy are conclusions without supporting facts. This fails to state a claim for relief under 42 U.S.C. § 1985(3).

**e. The District Court Correctly Determined There Is No Diversity Of Citizenship And Did Not Err In Declining To Exercise Supplemental Jurisdiction.**

"District courts have diversity jurisdiction only if the parties are *completely diverse*, which means no plaintiff may have the same state or territorial citizenship as any defendant." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) (emphasis added). According to McArdle's Complaint, at least 30 Appellees share Pennsylvania citizenship with him. Hence, there is clearly no diversity of citizenship within the meaning of 28 U.S.C. § 1331. Furthermore, we see no abuse of discretion in the District Court's dismissal of McArdle's remaining state-law claims. Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that

6

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." However, they may decline to exercise supplemental jurisdiction once all claims over which they have original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Nothing in the record suggests that the District Court abused its discretion in dismissing without prejudice McArdle's state-law claims once it dismissed his § 1985(3) claim.[1]

We thus affirm.

---

[1] We note that the District Court's Order failed to mention Count Five of the Complaint (defamation). We assume this was a clerical error and the Court meant to dismiss this claim. As such, Count Five is dismissed without prejudice as well.